UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHNNY M. AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:13-CV-629-PLR-CCS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This Social Security appeal is before the Court for consideration of the plaintiff's objections[1] [R. 21] to the Report and Recommendation filed by United States Magistrate Judge C. Clifford Shirley [R. 18]. Magistrate Judge Shirley found that the Administrative Law Judge (ALJ) properly reviewed and weighed the evidence to determine that plaintiff is capable of performing a range of medium-exertion work with certain restrictions. Thus, Magistrate Judge Shirley recommended that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits and/or supplemental security income alleging disability beginning September 2010. The claim was denied by the ALJ on January 18, 2013. The Appeals Council denied the plaintiff's request for

---

[1] On February 10, 2015, plaintiff filed a notice of appeal, which the court interprets as an objection to the Report and Recommendation filed by United States Magistrate Judge C. Clifford Shirley.

1

review, and plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which plaintiff objects. For the reasons that follow, the plaintiff's objections will be overruled.

The ALJ found that plaintiff has the following severe impairments: diabetes mellitus; diabetic retinopathy with vitreous hemorrhage of the left eye; hypertension; major depressive disorder; and anxiety disorder. Taking these impairments into consideration, the ALJ found that plaintiff retained the residual functional capacity to perform a range of medium-exertion work but with the following limitations: no climbing; no work around hazards such as dangerous machinery or unprotected heights; no operation of motor vehicles; no bright lights or work in sunshine; no acute vision at 20 feet or more; limited to work involving only simple non-detailed tasks; only superficial contact with co-workers and the general public; supervision should be direct and non-confrontational; and changes in the workplace infrequent and gradually introduced. The ALJ found plaintiff was unable to perform any past relevant work. Relying on the testimony of a vocational expert (VE), the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ concluded that plaintiff was not disabled.

Plaintiff attaches to his objections a letter from the Blount County Department of Public Health dated January 23, 2015. The letter states that plaintiff suffers from "Type 1 diabetes with poor blood sugar control resulting in the long term problems of retinopathy and neuropathy. His retinopathy has progressed to the point of severe vision impairment.

2

As well he has hypertension, hyperlipidemia, nicotine addiction and a history of cerebral vascular accident. Recently has begun having issues with his bladder which are still being investigated." No vocational restrictions are noted in the letter. To the extent that plaintiff is alleging this letter is "new evidence" supporting his claim of disability, the court finds that the letter is merely cumulative of the symptoms already considered by the ALJ and the court, and does not constitute a reason to overturn the ALJ's decision. *See Elliott v. Apfel,* 28 Fed. Appx. 420, 424 (6th Cir. 2002) ("New evidence must indeed be new; it cannot be cumulative of evidence already in the record").

Plaintiff next objects to the ALJ's decision to rely on the VE testimony that he could perform jobs such as hand packaging, dishwasher, janitorial jobs, and cleaning jobs. Plaintiff points to the VE's response to a second hypothetical question regarding an individual with plaintiff's limitations who would be absent ten percent of the time from full-time employment – the VE responded that he did not know of any jobs such an individual could perform. However, the medical record does not support plaintiff's allegation that he would be absent ten percent of the time. No such restrictions were recommended by plaintiff's treating physicians. Accordingly, plaintiff's objection is **overruled**.

Last, plaintiff argues that the severity of his symptoms continues to increase as time goes on. However, this is irrelevant as to the ALJ's decision. The court reviews a closed administrative record because, under 42 U.S.C. § 405(g), neither party may put additional evidence before the court. *Matthews v. Weber,* 423 U.S. 261, 270 (1976). The court's substantial evidence review is confined to the evidence before the ALJ for

3

consideration. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1994); *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Moreover, evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial. *Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1984). Therefore, this new evidence is irrelevant and cannot constitute grounds for overturning the ALJ's decision. Accordingly, plaintiff's objection is **overruled.**

After a careful review of the record and the parties' pleadings, the court is in complete agreement with the Magistrate Judge's recommendation that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that the plaintiff's motion for summary judgment [R. 14] is **DENIED**; the Defendant Commissioner's motion for summary judgment [R. 16] is **GRANTED**; the Defendant Commissioner's decision in this case denying plaintiff's application for benefits under the Social Security Act is **AFFIRMED**; and this case is **DISMISSED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**